FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 21 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANTHONY COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>KENNY KALIAN, et al.,<br><br>    Defendants. | Case No. EDCV 13-0138-CAS (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION WITH RESPECT TO CERTAIN DEFENDANTS |

    Anthony Coleman, a prisoner at the Chuckawalla State Prison, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on January 31, 2013. The complaint alleges that the defendants violated his constitutional rights by depriving him of a shower on one particular day and by rejecting grievances relating to the provision of appropriate religious meals.

    On February 6, 2013, Magistrate Judge Marc L. Goldman issued an order dismissing the complaint with leave to amend. In doing so, it was found that Plaintiff had failed to state a claim upon which relief could be granted as all claims and all defendants. More specifically, it was found that 1) the causes of action arising from the denial of grievances failed to state a claim upon which relief

could be granted; 2) Plaintiff had failed to state claim upon which relief could be granted arising from the one missed shower; and 3) the complaint failed to comply with the requirements of Fed.R.Civ.P. 8(a).

Plaintiff was directed to file a first amended complaint no later than March 8, 2013. He was explicitly informed that failure to file a first amended complaint in the time allowed would result in dismissal of the action without prejudice for failure to prosecute. Plaintiff has not filed a first amended complaint in the time allowed nor has he requested an extension of time in which to do so.

The complaint should be dismissed without prejudice for failure to prosecute. Federal courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

//
//

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. As Plaintiff has not complied with the Court's order to file a first amended complaint, dismissal without prejudice would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants.

For the reasons stated above, the action is dismissed without prejudice.

Dated: March 20, 2013

Christina A. Snyder
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

3